IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID WILTON FORD                                                                              PLAINTIFF

      v.                    Civil No. 5:22-cv-05136-TLB-CDC

SHERIFF TIM HELDER, Washington
County, Arkansas; DEPUTY BILBREY;
DEPUTY VANDERNACK; DEPUTY
BEAVERS; OFFICER JUSTIN EDEN;
LIEUTENANT AKE; DEPUTY ROBBIE
PHIPPS; DEPUTY MCFEEDERS; OFFICER
CLINTON MCCARVER; and OFFICER CHRIS
CARTER                                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.    DISCUSSION

Plaintiff filed his Complaint to initiate this action on July 11, 2022. (ECF No. 1). On May 15, 2023, Defendants filed a Motion for Summary Judgment. (ECF Nos. 34-36). The next day, an Order (ECF No. 37) was entered directing Plaintiff to respond to the summary judgment Motion by June 6, 2023. Plaintiff was given explicit instructions regarding what was required by him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure. In the same Order, Plaintiff was advised that failure to respond to the Order would result in: (a) all the

1

facts set forth by the Defendants in the summary judgment papers being deemed admitted by the Plaintiff; and/or (b) Plaintiff's Complaint being subject to dismissal.

Plaintiff did not file a response to the Motion for Summary Judgment or request an extension of time to respond. On June 12, 2023, a Show Cause Order (ECF No. 38) was entered. Plaintiff was given until July 3, 2023, to show cause why he failed to obey the Order of the Court. Plaintiff was advised that if he failed to respond to the Show Cause Order, the case shall be subject to dismissal.

To date, Plaintiff has not filed a response to the Defendants' Motion for Summary Judgment or a response to the Court's Show Cause Order. He has not requested an extension of time to file his responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders. (ECF Nos. 37 & 38). Plaintiff was advised in each of the above-mentioned Orders that failure to comply would subject his case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. When considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. *Id.*

Here, Defendants expended resources conducting discovery and preparing their Motion for Summary Judgment. Plaintiff chose not to respond to the Motion even after being reminded and directed to do so by the Court. Plaintiff was advised in two separate Court Orders that failure to respond would result in dismissal of his case. Plaintiff has not communicated with the Court in any way.

## II.   CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's intentional failure to prosecute this case; his failure to obey the orders of the Court; and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

3

**in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of July 2023.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE